## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

US FOODS, INC., a Delaware corporation,

          Plaintiff,

vs.

RESTAURANT LOGISTICS SOLUTIONS, CORP., a Florida profit corporation, and RHINA GOMEZ, an individual,

          Defendants.

Case No. 21-cv-05567

Honorable Jorge L. Alonso

### NOTICE OF MOTION

TO:    See Attached Service List

**PLEASE TAKE NOTICE** that on **February 11, 2022 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Judge Jorge L. Alonso** or any judge sitting in his or her stead in **Courtroom 1903** of the U.S. District Court of the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois and shall present **Plaintiff US Foods, Inc.'s Motion For Entry Of Default Judgment Against Defendants Restaurant Logistics Solutions, Corp. and Rhina Gomez,** a copy of which is attached and herewith served upon you.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

US FOODS, INC.

By:   /s/ Christina M. Sanfelippo
         One of its attorneys

Brian L. Shaw (#6216834)
Christina M. Sanfelippo (#6321440)
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
(312) 382-3100
bshaw@cozen.com
csanfelippo@cozen.com

**DEFENDANTS' EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| US FOODS, INC., a Delaware corporation, | |
| Plaintiff, | |
| vs. | Case No. 21-cv-05567 |
| RESTAURANT LOGISTICS SOLUTIONS, CORP., a Florida profit corporation, and RHINA GOMEZ, an individual, | Honorable Jorge L. Alonso |
| Defendants. | |

**PLAINTIFF US FOODS, INC.'S MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANTS RESTAURANT LOGISTICS
SOLUTIONS, CORP. AND RHINA GOMEZ**

Plaintiff, US Foods, Inc. ("US Foods"), by and through its undersigned counsel, hereby moves this Court (the "Motion"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, for the entry of default judgment against Defendants Restaurant Logistics Solutions, Corp. ("Restaurant Logistics") and Rhina Gomez ("Ms. Gomez") (collectively, the "Defendants"). In support of this Motion, US Foods submits the *Declaration of Kerry Carlson* ("Carlson Declaration"), attached hereto as **Exhibit A**, and respectfully states as follows:

**INTRODUCTION**

1.     As early as February 2011, US Foods and Restaurant Logistics engaged in a course of dealings pursuant to which US Foods supplied various food and food-related products and services to Restaurant Logistics. Restaurant Logistics has failed to pay the amount of $224,766.24, exclusive of interest, costs, and fees, to US Foods on account of products delivered or services provided to US Foods. Ms. Gomez has failed to fulfill Restaurant Logistics' payment obligations, as she is required to do under the terms of the Guaranty.

8.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the transactions giving rise to Plaintiff's claims occurred within this district. [Cmp., ¶5.]

## BACKGROUND FACTS

9.      As early as February 2011, US Foods supplied various food and food-related products and services to Restaurant Logistics. [Cmp., ¶6.] Restaurant Logistics ordered, received, and accepted delivery of goods and services from US Foods as reflected on invoices sent by US Foods to Restaurant Logistics. [Cmp., ¶11.]  US Foods performed all of its obligations by supplying Restaurant Logistics with the purchased goods and services and submitting invoices to Restaurant Logistics. [Cmp., ¶12.]

10.     On October 20, 2021, US Foods filed its Complaint against the Defendants (the "Complaint"). *See* Dkt. No. 1.  On October 26, 2021, summonses were issued to the Defendants (the "Summonses").

11.     On November 2, 2021, the Summons and Complaint were served upon Restaurant Logistics' registered agent, Ms. Gomez. [Dkt. No. 5.] Also on November 2, 2021, US Foods' special process server served Ms. Gomez personally with the Summons and Complaint.  [Dkt. No. 6.]  Despite being served, the Defendants have failed to enter appearances, file answers or otherwise plead and defend in response to the Complaint.

12.     Accordingly, on December 7, 2021, US Foods filed motions for entry of default against the Defendants (the "Default Motions"). [*See* Dkt. Nos. 7, 9.]

13.     On December 20, 2021, the Court entered an order granting the Default Motions and entering default against the Defendants pursuant to Rule 55(a) based on their failure to appear, answer the Complaint or otherwise defend this action (the "Default Order"). [Dkt. No. 12.]

17.     Unlike the allegations concerning liability, the allegations in a complaint with respect to damages are not taken as true. Rather, "[t]he district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 792 (7th Cir. 2004). It is well-settled that district courts have the authority to enter default judgments for monetary damages. *Tygris Asset Finance*, 2010 WL 2266432, at \*6.

## I.     The Entry of Default Judgment is Appropriate Here.

18.     US Foods respectfully submits that the entry of default judgment against the Defendants is appropriate under the circumstances. The Defendants were served with the Summons and Complaint on November 2, 2021, such that their responsive pleadings to the Complaint were due November 23, 2021. Despite being served with the Summonses and Complaint, the Defendants have not appeared in this action, nor have the Defendants answered or filed responsive pleadings to the Complaint. On December 20, 2021, the Court entered defaults against the Defendants pursuant to Rule 55(a) for failure to answer or otherwise plead. [Dkt. No. 12.] In light of the Court's entry of the Default Order, all well-pleaded allegations of the Complaint relating to the liability of the Defendants should be taken as true, and the entry of default judgment is appropriate.

## II.     The Well-Pleaded Allegations Of The Complaint Establish Liability In Light Of the Defendants' Default.

19.     In the Complaint, US Foods adequately pleaded alternative theories for breach of contract, account stated, goods sold, unjust enrichment, quantum meruit and breach of guaranty. As a result, with the entry of the Default Order, liability for each of these claims has been established under Maryland law.[1]

---

[1] The Agreement contains a choice of law provision which provides that the Agreement and all transactions between the parties shall be governed by and interpreted in accordance with the laws and decisions of the

that the defendant did not object to the account statement within a reasonable time after receiving it. *Baltimore Cty. v. Archway Motors, Inc.*, 370 A.2d 113, 118 (Md. Ct. Spec. App. 1977).

23.     Here, US Foods alleges in its Complaint that: (i) US Foods and Restaurant Logistics had an ongoing business relationship; (ii) US Foods supplied goods and services to Restaurant Logistics as evidenced by the invoices US Foods submitted to Restaurant Logistics for the goods and services supplied; (iii) the invoices were delivered to Restaurant Logistics in accordance with US Foods' normal accounting procedures; (iv) US Foods rendered invoices to Restaurant Logistics for the delivery of said goods and services to which Restaurant Logistics did not object; (v) Restaurant Logistics to date has neither paid nor objected to any of those invoices; and (vi) by issuing invoices to Restaurant Logistics, US Foods intended to establish the balance due at the time of the invoice. [Cmp. ¶¶ 30-40.] Thus, liability for account stated is established and the Court should enter judgment against Restaurant Logistics with respect to Count II of the Complaint.

iii.     Good Sold

24.     US Foods adequately pleaded, in the alternative, a claim for goods sold against Restaurant Logistics. "To create a privity of contract between the parties, and to enable the appellees to charge the appellant, it must appear that the goods alleged to have been sold and delivered, were sold and delivered to the defendant or to some person or persons authorized by the defendant to contract for it and on its behalf." *See Mayor, etc., of Baltimore v. Poultney*, 25 Md. 18, 31 (1866).

25.     Here, US Foods alleges in its Complaint that: (i) at Restaurant Logistics' request, US Foods supplied goods and services to Restaurant Logistics for various food and food-related items; (ii) Restaurant Logistics accepted delivery of the goods and services from US Foods, without objection, and owes US Foods for the unpaid balance of said deliveries; and (iii) the goods sold include food products which were sold at various prices, all of which are evidenced on

those services; and (3) that the services were rendered under such circumstances that reasonably notified defendant that plaintiff, in providing the services, intended to be compensated. *See Int'l Waste Indus. Corp. v. Cape Env't Mgmt., Inc.*, 988 F. Supp. 2d 542, 554 (D. Md. 2013), *aff'd*, 588 F. App'x 213 (4th Cir. 2014) (*citing Alternatives Unlimited, Inc. v. New Balt. City Bd. of Sch. Comm'rs*, 843 A.2d 252, 295 (Md. Ct. Spec. App. 2004).

29.     Here, US Foods alleges in its Complaint that (i) US Foods supplied food and food-related goods and services to Restaurant Logistics; (ii) US Foods did not render those services to Restaurant Logistics gratuitously, and expected to be paid for its services; (iii) the parties agreed on the balances of the amounts due and owing for said goods and services; (iv) US Foods rendered invoices to Restaurant Logistics for the delivery of said goods and services to which Restaurant Logistics did not object; and (v) Restaurant Logistics accepted US Foods' services, but unjustifiably failed to pay US Foods the outstanding balance owed. [Cmp. ¶¶56-58, 61, 62.] Thus, liability for quantum meruit is established and the Court should enter judgment against Restaurant Logistics with respect to Count V of the Complaint.

vi.     Breach of Guaranty

30.     US Foods adequately pleaded a claim for breach of Guaranty against Ms. Gomez. To prevail in an action for breach of contract under Maryland law, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation. *Taylor*, 776 A.2d at 651.

31.     Here, US Foods alleges in its Complaint: (i) Ms. Gomez executed the Guaranty, personally and unconditionally guaranteeing all of Restaurant Logistics' payment obligations to US Foods; (ii) the Guaranty imposes liability on Ms. Gomez for Restaurant Logistics' payment obligations under the Agreement including, but not limited to, payment of the debt, interest and the costs of enforcement of Restaurant Logistics' obligations; (iii) Restaurant Logistics failed to

protecting its rights under the Agreement. *See* Cmp., Ex. A at 2, ¶5. To date, US Foods has incurred costs, expenses and fees, including attorneys' fees, in enforcing its rights under the Agreement in the total amount of $7,455.20. *See* Carlson Declaration, ¶8.

36.     Finally, pursuant to 28 U.S.C. § 1961, a party is entitled to post-judgment interest on any money judgment in a civil case recovered in a district court from the date of entry. *See* 28 U.S.C. § 1961(a). Thus, US Foods is entitled to post-judgment interest beginning on the date of this judgment to the date of full payment.

37.     In sum, the total amount due and owing from the Defendants to US Foods is $296,279.82, plus post-judgment interest. *See* Carlson Declaration, ¶¶9, 11.

## NOTICE

38.     The Defendants in default, and counsel has not appeared on behalf of the Defendants in this action. Although the Defendants are not entitled to notice of this Motion, *see* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."); 55(b)(2) (only requiring service of default judgment motion "if the party against whom a default judgment is sought has appeared personally or by a representative"), US Foods has caused a copy of the Motion to be sent to the Defendants by FedEx.

WHEREFORE, Plaintiff US Foods, Inc. respectfully requests that this Court enter judgment by default against Defendants Restaurant Logistics Solutions, Corp. and Rhina Gomez, and find the Defendants jointly and severally liable for monetary damages in the total amount of $296,279.82, plus post-judgment interest.

# EXHIBIT A

and/or maintained by employees of US Foods in the ordinary course and scope of their employment.

4.      In the course of my duties as Credit Finance Specialist, I prepared, received and reviewed documents in connection with Restaurant Logistics' customer account. Specifically, I reviewed the Agreement, the Guaranty, the invoices issued by US Foods to Restaurant Logistics for goods and services provided, and the accounting of amounts owed pursuant to the unpaid invoices.

5.      Pursuant to the terms of the Agreement, US Foods supplied goods and services to Restaurant Logistics. The value of goods and services supplied by US Foods to Restaurant Logistics is evidenced by the invoices US Foods submitted to Restaurant Logistics. A true and correct summary of those invoices and an accounting of all amounts owed under the Agreement is attached to the Complaint as Exhibit B. As of the date of this Declaration, the total amount due and owing from Restaurant Logistics under the invoices is $224,766.24.

6.      Restaurant Logistics has failed to pay US Foods the total outstanding balance of $224,766.24 owed under the invoices.

7.      Pursuant to the Agreement, Restaurant Logistics agreed to pay default interest in the amount of 1.5% per month on any payment past due until collected. As of the date of this Affidavit, interest in the amount of $64,058.38 has accrued on the past due amounts. US Foods' calculation of the default interest owed is attached hereto as **Exhibit 1**.

8.      Finally, Restaurant Logistics also agreed to pay all costs, expenses and fees, including attorneys' fees, which may be incurred by US Foods in enforcing or protecting its rights under the Agreement. To date, US Foods has incurred court costs of $402.00, which was the cost

# EXHIBIT 1



**RESTAURANT LOGISTICS SOLUTIONS CORP.**
**DEFAULT JUDGMENT INTEREST**

| | | |
|---|---|---|
| Total Debt | $224,766.24 | |
| Default Date | 7/6/20 | |
| Judgment Date | 2/4/22 | |
| Term | 19 | months |
| Interest Rate | 1.500% | per month |
| Late Payment Interest | 18.00% | per annum |
| Total Default Interest Due | $64,058.38 | |
| **Total Debt with Default Interest** | $288,824.62 | |